Dear Representative Peters,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Did the Board of Directors of the Grand River Dam Authority correctly apply Attorney General Opinion 98-45 when a notice appeared in local area newspapers advising the public of the date and time that the board would consider an application to install a commercial dock, and at its meeting the Board limited public comment on this agenda item to adjacent area landowners?
 2. Is the Grand River Dam Authority subject to all or any part of the Oklahoma Administrative Procedures Act, in particular the sections on rule-making?
 3. Is the Grand River Dam Authority (GRDA) Lakes Advisory Commission, which meets during regular business hours and which includes three GRDA paid staff members, subject to the Oklahoma Open Meeting Act and Oklahoma Open Records Act?
 I. Limitations On Public Comments At Open Meetings
¶ 1 The Grand River Dam Authority ("GRDA") is a conservation and reclamation district created by statute as a "governmental agency of the State of Oklahoma" and is governed by a board of nine directors. 82 O.S. 2001, §§ 861[82-861], 863A(A). The GRDA is a public body subject to the Open Meeting Act ("Act"), 25 O.S.2001, §§ 301-314[25-301-314], except when the Board of Directors confers on matters pertaining to coal or gas supply contracts, and rail or truck transportation contracts. 82 O.S. 2001, § 862.1(A)(2). In your first question, you describe a public meeting where the Board of Directors of the GRDA allowed only adjacent area landowners to speak during the discussion of an application by a developer to install a commercial dock on Grand Lake. You ask whether this is consistent with Attorney General Opinion 98-45. As detailed more specifically below, the answer to your question depends on resolving certain factual issues that cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, §18[74-18](b) (A)(5).
¶ 2 In Attorney General Opinion 98-45, this office addressed the question of whether either the Act or the First Amendment of the United States Constitution requires public bodies to allow interested citizens to express their views on matters being considered during the public bodies' open meetings. The Opinion concluded that the Act requires that public bodies hold meetings open to the public with advance public notice of the time and place of the meetings and the matters to be considered on the agenda, but does not require public bodies to afford citizens a right to be heard at meetings conducted under the Act. Id. at 211, 214; see 25 O.S. 2001, § 303[25-303]. Opinion 98-45 also concluded that the First Amendment does not require public bodies to allow public comments at their meetings. Id. at 214; seeMinn. Bd. for Cmty. Coll. v. Knight, 465 U.S. 271, 284 (1984), ("Policymaking organs in our system of government have never operated under a constitutional constraint requiring them to afford every interested member of the public an opportunity to present testimony before any policy is adopted.").
¶ 3 A public body is not required to allow public comment at its meetings, either under the Act or under the First Amendment. However, if a public body voluntarily establishes an open forum, then, under the First Amendment, it may only impose reasonable time, place, and manner restrictions on speech. A.G. Opin. 98-45, 213. The Opinion relies upon Perry Education Association v.Perry Local Educators' Association, 460 U.S. 37, 46 (1983), in which the Court observed, "the State may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." See also Madison Sch. Dist. v. Wis. Employment RelationsComm'n, 429 U.S. 167, 175, 177 (1976) (holding that a school board which has opened a forum for citizen participation at its meetings may not exclude school teachers).
¶ 4 In answer to the question as to what restrictions may be imposed on citizens if the public body establishes an open forum, Opinion 98-45 includes the following conclusion:
 3. When a public body voluntarily establishes an open forum, it may establish reasonable time, place and manner restrictions. Any content-based restriction must be narrowly drawn to effectuate a compelling governmental interest. Whether any particular time, place or manner restriction is reasonable and permissible is a question of fact, which courts consider on a case-by-case basis.
Id. at 214.
¶ 5 Two of the factual issues raised by your question are whether the GRDA established an open forum at its meeting, and if so, whether restricting speakers on a discussion of a particular application was a reasonable time, place and manner restriction. Your question references a notice that had been published advising the public of the date and time that the board would consider the application. The notice did not include any statements regarding public comments, but did advise the public of the meeting and the names and phone number of GRDA staff members to contact if they wanted further information. This notice, in and of itself, does not appear to have created a public forum as it does not specifically state that the board will hear public comments at its meeting; however, this is ultimately a question of fact that cannot be definitively answered in an Attorney General's Opinion. 74 O.S. 2001, §18b[74-18b] (A)(5).
¶ 6 The board apparently allowed limited public comment at its meeting, although "public comment" does not appear on its agenda.[1] Whether the board's allowance of limited comment created a public forum for purposes of First Amendment analysis is again a question of fact depending upon the surrounding circumstances. Id. If a board creates a public forum by allowing public comments at its meeting, a restriction on who may speak at the meeting may be an improper restriction, rather than a permissible "time, place, or manner" restriction, depending upon the surrounding facts and circumstances.
¶ 7 A board may impose reasonable time, place, and manner restrictions on public comments if it chooses to allow public comments at its meetings. As noted in Attorney General Opinion 98-45, whether any particular time, place or manner restriction is reasonable and permissible is a question of fact, which is outside the scope of an Attorney General's Opinion. 74 O.S.2001, § 18b[74-18b] (A)(5). A limitation on who may speak at a public meeting where the public body has invited public comments may be an impermissible restriction, depending upon the particular facts and circumstances.
 II. Application Of The Administrative Procedures Act To The Grand River Dam Authority
¶ 8 Your second question is whether the GRDA is subject to the Administrative Procedures Act ("APA"), 75 O.S. 2001 Supp.2002, §§ 250-323, specifically the rule-making provisions. The APA consists of two articles. Article I relates to filing and publication requirements for agency rules, while Article II relates to notice and hearing requirements for individual proceedings. Id. § 250.1(A). Unless specifically exempt pursuant to Section 250.4 of the APA, all State agencies must comply with the provisions of Article I and Article II. Id. § 250.1(B). "Agency" is defined in the APA as including "any constitutionally or statutorily created state board, bureau, commission, office, authority, public trust in which the state is a beneficiary, or interstate commission," except the Legislature and the courts. Id. § 250.3(3).
¶ 9 The GRDA is a State agency. 82 O.S. 2001, § 861[82-861]; Sheldonv. Grand River Dam Auth., 76 P.2d 355, (syllabus ¶ 2) (Okla. 1938). The GRDA is specifically exempt from Article II of the APA, which sets forth the requirements for hearings in individual proceedings, as follows:
 B. As specified, the following agencies or classes of agency activities are not required to comply with the provisions of Article II of the Administrative Procedures Act:
1. The Oklahoma Tax Commission;
2. The Commission for Human Services;
3. The Oklahoma Ordnance Works Authority;
4. The Oklahoma Corporation Commission;
5. The Pardon and Parole Board;
6. The Midwestern Oklahoma Development Authority;
7. The Grand River Dam Authority[.]
75 O.S. 2001, § 250.4[75-250.4].[2]
¶ 10 While the GRDA is specifically exempt from Article II of the APA, the GRDA is not listed among the agencies exempt from Article I on rule-making. Id. § 250.4(A). "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). The specific exemption of the GRDA from Article II, but not Article I, reflects legislative intent that the GRDA follow Article I of the APA on rule-making. The GRDA is required to follow the rule-making provisions under Article I of the APA.
 III. The Grand River Dam Authority Lakes Advisory Commission
¶ 11 You last ask whether The Grand River Dam Authority Lakes Advisory Commission ("Commission") is subject to the Oklahoma Open Meeting Act and Oklahoma Open Records Act. The Commission was created by statute to "provide a forum for interested persons to address issues related to the environmental concerns, recreational use, and economic development of the lakes under the administration of the Grand River Dam Authority on behalf of all lake enthusiasts, property owners and business persons who use, live or work on or around the lakes." 63 O.S. 2001, §4230.1[63-4230.1](A). The Commission consists of nineteen members, including:
a. the General Manager of the [GRDA],
 b. the Executive Director of the Oklahoma Department of Tourism and Recreation, or designee,
 c. the Director of the Oklahoma Department of Commerce, or designee,
 d. the Executive Director of the Department of Environmental Quality, or designee,
 e. two members appointed by the Grove Chamber of Commerce,
 f. two members appointed by the Jay Chamber of Commerce,
 g. two members appointed by the South Grand Lake Chamber of Commerce,
 h. two members appointed by the Miami Chamber of Commerce,
 i. two members appointed by the Lake Hudson Association,
 j. two members appointed by the Grand Lake Association, and
 k. three members appointed by the Grand Gateway Economic Development Association, one each to represent law enforcement agencies, municipal government and county government.
Id. § 4230.1(B)(1).
¶ 12 The statute requires the GRDA to provide staff support for the Commission. Id. § 4230.1(E). The Commission's duties are as follows:
 F. The Grand River Dam Authority Lakes Advisory Commission may make recommendations regarding changes in Oklahoma statutes and agency rules as they deem necessary by a majority vote of the Commission's membership. The Commission may file reports with the Governor, the President Pro Tempore of the Senate, the Speaker of the House of Representatives, the Grand River Dam Authority and the Department of Public Safety Lake Patrol Division as deemed necessary by the Commission.
 G. The Commission shall submit a list of three persons who shall have a demonstrated capability in business, finance or professional fields, to the Governor for selection to the Board of Directors of the Grand River Dam Authority pursuant to Section 863 of Title 82 of the Oklahoma Statutes.
Id. § 4230.1.
¶ 13 Section 863 of Title 82, referenced in Section 4230.1(G) above, was repealed by 1998 Okla. Sess. Laws ch. 391, § 16 effective January 1, 1999 and replaced by Section 863A in Title 82. Section 863A provides the methods for appointing members to the Board of Directors of the GRDA, including the following:
 B. 5. For the vacancy occurring in January 2003, the Grand River Dam Authority Lakes Advisory Commission shall meet and select three nominees to forward to the Governor within thirty (30) days of the vacancy occurring in January 2003 and thereafter. The Governor shall appoint one person from the list of nominees submitted by the Lakes Advisory Commission[.]
Id.
¶ 14 The Oklahoma Open Meeting Act, 25 O.S. 2001, §§ 301-314[25-301-314],
requires public bodies to post their agendas and conduct their meetings in public. Id. § 303. The definition of "public bodies" includes:
 [A]ll boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts or any entity created by a public trust, task forces or study groups in this state supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body.
Id. § 304(1).
"The Open Meeting Law, because it is enacted for the public's benefit, is to be construed liberally in favor of the public."Int'l Ass'n of Firefighters Local 2479 v. Thorpe,632 P.2d 408, 411 (Okla. 1981). The Commission is subject to the Act if it is a "public body." 25 O.S. 2001, § 303[25-303]. The Commission has two statutory functions: (1) it acts in an advisory capacity to the GRDA and government officials on matters relating to lakes under the GRDA's jurisdiction and (2) it submits a list of three names to the Governor from which the Governor must choose an appointee to the Board of Directors of the GRDA. 63 O.S. 2001, §4230.1[63-4230.1](F), (G); 83 O.S. 2001 § 863A[83-863A](B)(5).
¶ 15 In Sanders v. Benton, 579 P.2d 815 (Okla. 1978), the court considered whether a Citizen's Advisory Committee impaneled to provide information and recommendations to the Department of Corrections was subject to the Open Meeting Act. The court determined that the Committee was not subject to the Act "because it was not established by statute and had no statutory authority and whatever authority it did have, actual or de facto, was through its parent-entity, the Board of Corrections." Id. at 820. The court held that "[u]nless the subordinate entity had some decision-making authority, either actual or de facto, it would not come within the purview of [the Act]." Id. The Lakes Advisory Commission is distinguishable from the Committee in theBenton case in that the Commission is established by statute and has statutory authority to perform certain functions. Although it acts in an advisory capacity to the GRDA, it is not a subordinate entity of the GRDA.
¶ 16 The Commission is a "public body" subject to the Act if it is "supported in whole or in part by public funds." 25 O.S.2001, § 304[25-304](1). "Support" is not defined in the Act; therefore, the word must be given its ordinary meaning. Id. § 1. Support is defined as "to pay the costs of: maintain." Webster's Third New International Dictionary 2297 (3d ed. 1993). The Commission does not receive direct appropriations from the Legislature, but does receive staff support from the GRDA pursuant to Section 4230.1(E) of Title 63. By virtue of its status as a statutorily created body with statutory duties and GRDA staff support, the Commission is a public body under the Open Meeting Act.
¶ 17 The Oklahoma Open Records Act, 51 O.S. 2001, §§24A.1-24A.26, applies to "[a]ll records of public bodies and public officials." Id. § 24A.5. "Public body" includes, among others, any commission "supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property." Id. § 24A.3(2). "Public official" means "any official or employee of any public body." Id. § 24A.3(4). Records subject to the Act include all documents "created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property." Id. § 24A.3(1). As the Commission is a statutorily created body with statutory duties and staff support from the GRDA, it is a "public body" subject to the Oklahoma Open Records Act.
¶ 18 It is, therefore, the Official Opinion of the AttorneyGeneral that:
 1. Whether the Grand River Dam Authority ("GRDA") correctlyapplied Attorney General Opinion 98-45 at its meeting dependsupon (1) whether the GRDA created an open forum at its meetingand (2) if so, whether the GRDA imposed unreasonable restrictionson speech at the open forum. These are questions of fact thatcannot be answered in this Opinion. Attorney General's Opinionsare confined to questions of law. 74 O.S. 2001, § 18b(A)(5).
 2. The GRDA is subject to Article I of the Administrative Procedures Act, which governs rule-making procedures. 75 O.S. 2001, § 250.4[75-250.4](A). The GRDA is exempt from Article II of the Act, which pertains to administrative hearings. 75 O.S. 2001, § 250.4[75-250.4](B).
 3. The Grand River Dam Authority Lakes Advisory Commission is subject to the Oklahoma Open Meeting Act, 25 O.S. 2001, §§ 301-314[25-301-314], because it is a "public body" as defined in the Act. As a public body, the Commission is also subject to the Oklahoma Open Records Act, 51 O.S. 2001, §§ 24A.1[51-24A.1] -24A.26.
W.A. DREW EDMONDSON Attorney General of Oklahoma
KATHRYN BASS Assistant Attorney General
[1] If the board chooses to allow public comments at its meeting, the better practice would be for the board to so state on its agenda. If the board intends to limit comments to certain groups or to certain agenda items, such limitation should also be shown on the agenda.
[2] See 2002 Okla. Sess. Laws ch. 402, § 12 (amending 75O.S. 2001, § 250.4[75-250.4]). The modifications are not germane to the discussion here.